UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THOMAS GILES,

                *Plaintiff,*

      -against-                                    20-cv-04082 (PAC)

THE SELECT 7 LLC                          **ORDER**

                *Defendant.*
------------------------------------------------------------X

        On July 6, 2021 the Court entered default judgment for Plaintiff in the above-captioned copyright infringement action for the total amount of $2,750.00, including the liquidated amount of $2,310.00 plus costs and disbursements of $440.00. *See* ECF No. 14. Defendant seeks leave to file a motion to vacate the default judgment.

        In its September 10, 2021 letter to the Court, filed just eight days after its first appearance in this action, Defendant asserts two grounds for its motion to vacate. *See* ECF No. 17. *First*, because Plaintiff "purported to effect service at an address Plaintiff already knew to be incorrect," (*id.*) (emphasis omitted) based on previous filings in this action, Defendant argues that under Rule 60(b) of the Federal Rules of Civil Procedure, the Court must vacate the default judgment due to improper service. *See Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected."). *Second*, Defendant also claims it will show good cause for vacatur because (1) the default was neither willing nor knowing; (2) Plaintiff will not be prejudiced "because any delay will be minimal compared to Plaintiff's own delay in prosecuting this action;" and (3) Defendant will present meritorious defenses. ECF No. 17; *see New York v. Green*, 420 F.3d 99, 104, 108 (2d Cir. 2005) (enumerating the three factors for "good cause" under Rule 60(b)).

1

After initially requesting an additional seven days to investigate the circumstances underlying Defendant's motion, Plaintiff subsequently filed a consent letter motion with the Court on September 24, 2021. *See* ECF No. 19. In the consent letter, without specifically confirming or denying Defendants' assertions, Plaintiff writes that "[b]ased on further investigation, and after conferring with counsel for Defendant, Plaintiff does not oppose the Court's vacatur of the default judgment." *Id.*

The Court thus deems the matter consented to, and the circumstances relevant to Defendant's default admitted, and vacates the default judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Defendant need not file a formal motion to vacate. Defendant shall file and serve an answer, or otherwise move under Rule 12, by Thursday, October 28, 2021.

Dated: New York, New York
September 27, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE